_____

No. 95-4096
_____

Charles Boston Jones,           *
                                   *
     Appellant,            *  Appeal from the United States
                                   *  District Court for the
v.                           *  Eastern District of Missouri.
                                   *
United States of America,    *       [PUBLISHED]
                                   *
     Appellee.             *


_____

Submitted:  September 11, 1996

Filed:  October 7, 1996
_____

Before BOWMAN, BRIGHT, and JOHN R. GIBSON, Circuit Judges.

_____

PER CURIAM.


In 1991, Appellant Charles Boston Jones was convicted of delivering and conspiring to deliver marijuana. Prior to that conviction, Jones' tractor trailer was administratively forfeited by the Drug Enforcement Administration because he used it in the commission of the acts upon which his criminal charges were based.

Jones' conviction was affirmed on direct appeal, United States v. Alexander, 982 F.2d 262 (8th Cir. 1992), but the issue of sentencing was remanded. On April 9, 1993, the District Court sentenced Jones to the same sentence he originally had received.

On May 2, 1995, Jones filed a 28 U.S.C. § 2255 habeas petition to vacate his sentence. He claimed his trial and conviction on the marijuana charges resulted in double jeopardy because he had already been punished for his crime by the administrative

forfeiture of his trailer.  The District Court denied Jones' petition without a hearing and Jones appealed.

Jones' argument is precluded by the decision of the Supreme Court in <u>United States v. Ursery</u>, 116 S. Ct. 2135, 2149 (1996), holding that in rem civil forfeitures are neither punishment nor criminal for purposes of the double jeopardy clause.  Thus, the double jeopardy clause does not apply to the criminal correction.

We affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.